# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ALFRED NIEVES, | : | Case No. 1:23-cv-00043 |
| Petitioner, | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Caroline H. Gentry |
| J.E. KRUEGER, | : | |
| Respondent. | : | |

## ORDER

Alfred Nieves has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief under the First Step Act of 2018. (Doc. 1). The case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22-05.

It appears that Petitioner is or was serving a federal criminal sentence. He says in his Petition that he is confined at the Medical Center for Federal Prisoners in Springfield, Missouri. (Doc. 1, PageID 1). He also says that he is serving a sentence imposed by the United States District Court for District of Massachusetts. (*Id.*).

However, the Federal Bureau of Prisons' website reflects that Petitioner was released on January 12, 2023. *See* https://www.bop.gov/inmateloc/ (searched by inmate number 02013-138; accessed Feb. 3, 2023). Petitioner signed and submitted the Petition several days later, on January 23, 2023. (Doc. 1, PageID 8). The envelope in which he mailed it bears an address in Hamilton, Ohio. (Doc. 1, PageID 15).

It is not immediately clear why the Petition was filed in this Court and whether the Court has jurisdiction. The identity of the named Respondent, J.E. Krueger, is also unclear; he or she may be the warden of the Medical Center in Missouri where Petitioner was previously confined. (Doc. 1, PageID 1).

In the usual habeas corpus challenge to "present physical confinement," the "immediate custodian" having physical custody of petitioner is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). "Generally this means . . . the warden of the facility where the prisoner is being held." *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010). But, the "party exercising legal control" over a petitioner may be a proper respondent "when there is no immediate physical custodian with respect to the challenged 'custody.'" *Rumsfeld*, 542 U.S. at 439 (discussing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

When a federal petitioner on home confinement is seeking relief under the First Step Act, the proper respondent may be the Bureau of Prisons or an official supervising the petitioner at a Residential Reentry Management (RRM) field office. *See generally Nekvasil v. United States,* No. 1:22-cv-617, 2022 WL 4115428, at *2 (W.D. Mich. Sept. 9, 2022); *Tennebar v. United States*, No. 1:22-cv-403, 2022 WL 17478473, at *1 (S.D. Ohio Oct. 12, 2022), *report and recommendation adopted*, 2022 WL 17250295 (S.D. Ohio Nov. 28, 2022). When a petitioner is serving a term of supervised release, the proper respondent may be the chief probation officer from the United States Probation Services office overseeing his supervised release. *See Chaner v. United States*, No. 1:22-cv-1140, 2022 WL 4279732, at *1 (W.D. Tenn. Sept. 15, 2022) (and cases cited therein) (so finding under 18 U.S.C. § 3624(e) and 18 U.S.C. § 3602(c)).

Here, it is not clear whether Petitioner has named a proper respondent and whether this district court is the right location for his habeas petition. Petitioner is therefore **ORDERED** to

file an Amended Petition naming a proper respondent over which this Court would have jurisdiction and upon which this Court could order service, **WITHIN THIRTY DAYS** of the date of this Order.  If Petitioner believes that J.E. Krueger is the proper respondent, he shall file a response so indicating and explaining why this Court has jurisdiction over him or her.  In either instance, Petitioner must provide the address and title for the named respondent.

To assist Petitioner, the Clerk of Court is **DIRECTED** to send Petitioner a blank copy of the standard form for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner is advised that he must keep this Court informed of his current address.  He is also warned that this case may be dismissed if he fails to comply with this Order.

**IT IS SO ORDERED.**

February 6, 2023                                  */s/ Caroline H. Gentry*
                                                          Caroline H. Gentry
                                                          UNITED STATES MAGISTRATE JUDGE