UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ALFRED NIEVES, | : | Case No. 1:23-cv-43 |
| Petitioner, | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Caroline H. Gentry |
| J.E. KRUEGER, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS

On January 25, 2023, Alfred Nieves filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief under the First Step Act of 2018. (Doc. 1). It was not immediately clear from the Petition why Petitioner had filed it in this Court. The Court issued an Order, saying:

> It appears that Petitioner is or was serving a federal criminal sentence. He says in his Petition that he is confined at the Medical Center for Federal Prisoners in Springfield, Missouri. (Doc. 1, PageID 1). He also says that he is serving a sentence imposed by the United States District Court for District of Massachusetts. (*Id.*).
>
> However, the Federal Bureau of Prisons' website reflects that Petitioner was released on January 12, 2023. *See* https://www.bop.gov/inmateloc/ (searched by inmate number 02013-138; accessed Feb. 3, 2023). Petitioner signed and submitted the Petition several days later, on January 23, 2023. (Doc. 1, PageID 8). The envelope in which he mailed it bears an address in Hamilton, Ohio. (Doc. 1, PageID 15).
>
> It is not immediately clear why the Petition was filed in this Court and whether the Court has jurisdiction. The identity of the named Respondent, J.E. Krueger, is also unclear; he or she may be the warden of the Medical Center in Missouri where Petitioner was previously confined. (Doc. 1, PageID 1).
>
> In the usual habeas corpus challenge to "present physical confinement," the "immediate custodian" having physical custody of petitioner is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). "Generally this means

> . . . the warden of the facility where the prisoner is being held." *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010). But, the "party exercising legal control" over a petitioner may be a proper respondent "when there is no immediate physical custodian with respect to the challenged 'custody.'" *Rumsfeld*, 542 U.S. at 439 (discussing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).
>
> When a federal petitioner on home confinement is seeking relief under the First Step Act, the proper respondent may be the Bureau of Prisons or an official supervising the petitioner at a Residential Reentry Management (RRM) field office. *See generally Nekvasil v. United States,* No. 1:22-cv-617, 2022 WL 4115428, at *2 (W.D. Mich. Sept. 9, 2022); *Tennebar v. United States*, No. 1:22-cv-403, 2022 WL 17478473, at *1 (S.D. Ohio Oct. 12, 2022), *report and recommendation adopted*, 2022 WL 17250295 (S.D. Ohio Nov. 28, 2022). When a petitioner is serving a term of supervised release, the proper respondent may be the chief probation officer from the United States Probation Services office overseeing his supervised release. *See Chaner v. United States*, No. 1:22-cv-1140, 2022 WL 4279732, at *1 (W.D. Tenn. Sept. 15, 2022) (and cases cited therein) (so finding under 18 U.S.C. § 3624(e) and 18 U.S.C. § 3602(c)).
>
> Here, it is not clear whether Petitioner has named a proper respondent and whether this district court is the right location for his habeas petition. Petitioner is therefore **ORDERED** to file an Amended Petition naming a proper respondent over which this Court would have jurisdiction and upon which this Court could order service, **WITHIN THIRTY DAYS** of the date of this Order. If Petitioner believes that J.E. Krueger is the proper respondent, he shall file a response so indicating and explaining why this Court has jurisdiction over him or her. In either instance, Petitioner must provide the address and title for the named respondent.
>
> To assist Petitioner, the Clerk of Court is **DIRECTED** to send Petitioner a blank copy of the standard form for a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is advised that he must keep this Court informed of his current address. He is also warned that this case may be dismissed if he fails to comply with this Order.

(Order, Doc. 3). The Order was mailed to Petitioner's residential (non-prison) address on February 6, 2023. The docket does not reflect that it was returned to the Court.

The Amended Petition was due on March 8, 2023. To date, Petitioner has not filed an Amended Petition or otherwise responded the Order. He has not taken any other action in the case.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 1(b) and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")).

Plaintiff has failed to comply with the Court's Order. (Doc. 3). He was specifically warned that failure to do so could lead to dismissal of his Petition. (*Id.*, PageID 19). Dismissal is warranted here because without the information sought from Petitioner, the Court is unable to assure itself of its jurisdiction, and is unable to make the required preliminary determination of whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in this Court. Rule 4, Habeas Rules.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** this action without prejudice for want of prosecution and for failure to comply with this Court's Order (Doc. 3). The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to comply with this Court's Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO RECOMMENDED.**

| | |
|---|---|
| March 27, 2023 | */s/ Caroline H. Gentry*<br>Caroline H. Gentry<br>UNITED STATES MAGISTRATE JUDGE |

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).